**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

DIANA PEREZ,

        Plaintiff,

v.                                                                    Case No. 5:14-cv-379-Oc-34PRL

COTTON STATES MUTUAL INSURANCE
COMPANY,

        Defendant.

_____/

## O R D E R

    **THIS CAUSE** is before the Court sua sponte. Plaintiff initiated the instant action on

June 30, 2014, by filing a Complaint and Demand for Jury Trial (Doc. No. 1; Complaint)

against Defendant.  Upon review of Complaint, the Court is unable to determine whether it

has jurisdiction over this action.  Federal courts are courts of limited jurisdiction and therefore

have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland

Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001).  This obligation exists regardless

of whether the parties have challenged the existence of subject matter jurisdiction.  See

Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled

that a federal court is obligated to inquire into subject matter jurisdiction sua sponte

whenever it may be lacking.").  "In a given case, a federal district court must have at least

one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory

grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity

jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

In this case, Plaintiff alleges that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds the jurisdictional minimum of $75,000.00, and there is diversity among the parties.  Complaint ¶ 1.  For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants."  Univ. of S. Ala., 168 F.3d at 412.  Upon review of the allegations in the Complaint, however, the Court is unable to determine the citizenship of Defendant.[1]  "The federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 130 S.Ct 1181, 1185 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis removed). Plaintiff alleges, "[t]he Defendant, COTTON STATES MUTUAL INSURANCE COMPANY, is a foreign corporation having its principal place of business in a state other than the State of Florida." Complaint ¶ 1. This allegation is insufficient to demonstrate Defendant's citizenship because it does not disclose the State in which Defendant is incorporated or the location of its principal place of business. See Hertz, 130 S.Ct at 1185.

---

[1] Plaintiff has properly alleged its citizenship. See Complaint ¶ 1.

In light of the foregoing, the Court will give Plaintiff an opportunity to establish diversity of citizenship between the parties and that this Court has jurisdiction over this action.[2] Accordingly, it is hereby

**ORDERED**:

Plaintiff shall have until **July 19, 2014**, to provide the Court with sufficient information so that it can determine whether it has jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida on this 2nd day of July, 2014.

**MARCIA MORALES HOWARD**
United States District Judge

lc18

Copies:
Counsel of Record

---

[2] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002); see also Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").